# The State of Texas

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### Austin

.Gerald C. Mann
Attorney General



Overruled by 6-6642

Honorable George P. Hudson
County Attorney
Jones County
Anson, Texas

Dear Sir:

Opinion No. O-3416
Re: Does the county surveyor
become entitled to fees or
compensation for compiling
field notes for the commis-
sioners' court under the
facts stated?

Your recent request for an opinion of this de-
partment on the above stated question has been received.

We quote from your letter as follows:

"Does the County Surveyor become entitled
to fees or compensation for compiling field notes
for the commissioners court? In the instant case
the County Surveyor compiled field notes on con-
solidating the boundaries of the Midway Common
School District #21 and the Mars School District
#100 into one combined Common School District,
and now, he presents the commissioners court with
a bill for said services.

"Under Article 5283 R. C. S. the county
furnished the surveyor an office in the court
house and pays his utilities for said office.

"Under Art. 3944, R. C. S. the county survey-
or is entitled to certain fees for services ren-
dered, but is he entitled to such fees from the
county commissioners court for the above mention-
ed type of work, or other work done for them.

"It appears to me that he gives the county nothing in return for office and benefits given him by the county, but wants to charge county a fee for all work done for it.

"I cannot find any further law on this point and the County Judge would like an opinion on the above questions from your department."

The statutes (Article 5283 to 5298) provide for the election of a county surveyor in each county and specify the duties of the incumbent of this office. It is stated in the case of Bates v. Thompson, 61 Tex. 335, that "from our earliest history the duties of these officers have been, to a considerable extent, under the direction of the Commissioner of the General Land Office, and the work in the field has generally been done by the deputies." County surveyors, under the above mentioned statutes, are required to keep records of surveys, certified copies of which may be introduced in evidence in legal proceedings. The surveyor must plot all surveys upon the map of his county and transmit sketches and field notes thereof to the Land Commissioner. The map is free to public inspection. A failure on the part of the county surveyor to correct and return field notes is punishable as an offense. The fees that may be received by a county surveyor have been fixed by statute. (Articles 3944 and 5280.) Texas Jurisprudence, Volume 34, pages 42-3.

After a careful search of the statutes we have been unable to find any statute making it the duty of the county surveyor to compile the above mentioned field notes. Neither do the statutes providing fees for county surveyors provide fees for such services as above mentioned. It must be kept in mind that statutes prescribing fees for public officers are strictly construed; and hence a right to fees may not rest in implication. McCalla v. City of Rockdale, 246 S. W. 654. An officer may not claim or receive any money without a law authorizing him to do so, and clearly fixing the amount to which he is entitled. (Texas Jurisprudence, Volume 34, page 511, and authorities cited therein.)

As there is no duty imposed upon the county surveyor to compile the above mentioned field notes and no fee provided for such services, we respectfully answer the above

stated question as follows: Articles 2741 and 2742, Vernon's Annotated Civil Statutes require the commissioners' court to give the metes and bounds of each common school district and designate the same carefully by giving the whole surveys and parts of surveys with acreage of whole surveys and approximate acreage of parts of surveys in each district, and the county cler is required to carefully record the same. However, as above stated there is no duty imposed upon the county surveyor to compile said field notes and there is no statutory fee provided for such services when performed by the county surveyor in his official capacity. As it is the duty of the Commissioners' Court to comply with the provisions of Articles 2741 and 2742, supra; the court can legally employ the county surveyor or any other qualified person to compile said field notes and pay the person so employed any compensation that may be determined by the court (Crosby County Cattle Co. v. McDermmott, 281 S. W. 293). With reference to acts an officer is under no obligation to perform because of his official character, he stands as do any non-official persons, and what they may lawfully do he may do, and contracts they may make and enforce he may make and enforce. (Morris v. Wasling, 15 S. W. 227) If the Commissioners' Court requested the county surveyor to perform the above mentioned services, and he performed them, he is entitled to a reasonable compensation for the same, and can recover for such services performed on request of the commissioners' court.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams
Assistant

AW:LM

APPROVED APR 28, 1941

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
By B B Chairman

WJF